**United States District Court**
**District of Massachusetts**

```
                               )
Michael W. Dyer, et al.,       )
                               )
         Plaintiffs,           )
                               )
         v.                    )    Civil Action No.
                               )    18-11284-NMG
Capital One, N.A., et al.,     )
                               )
         Defendants.           )
                               )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Michael W. Dyer and Nancy A. Dyer (collectively, "plaintiffs" or "the Dyers") allege that the failure of defendant Capital One, N.A. ("Capital One" or "defendant") to validate their mortgage loan balance led to several violations of state and federal law.  Pending before the Court is defendant's motion for judgment on the pleadings even though its pleading is entitled a "motion to dismiss."

## III. <u>Background</u>

### A.   Factual Background

Plaintiffs allege that on March 6, 1990, they purchased real estate located at 5 Presbrey Place, Natick, Massachusetts

which they occupied as their primary residence.  Defendant was
the lender and servicer of the mortgage on the property for a
period of time relevant to this case before eventually assigning
the servicing of the loan to Rushmore Loan Management Services,
LLC ("Rushmore") and the mortgage itself to Wilmington Savings
Fund Society, FSB ("Wilmington").

The Dyers claim that Capital One failed to respond to their
numerous attempts to ascertain the status of their loan when
defendant was the lender and servicer of the mortgage.  On or
about June 16, 2015, plaintiffs sent a "Qualified Written
Request" ("QWR") to defendant requesting, among other things, a
complete payment history.  They allege that defendant failed to
respond to the QWR.  On November 10, 2015, the Dyers sent a
demand letter to Capital One pursuant to Mass. Gen. L. c. 93A
("Chapter 93A") alleging various violations thereof, including
that the bank had failed to comply with the QWR.  Plaintiffs
assert that defendant did not adequately respond to the demand
letter.

On September 5, 2017, plaintiffs sent written notice
requesting validation of their debt but defendant purportedly
did not respond.  In addition to the letters plaintiffs sent to
defendant, they also contend that they sent hundreds of faxes

-2-

and had over 1,000 points of contact with the bank over a period of years in an effort to clarify the status of their loan.

At the time plaintiffs filed suit, they allege that Wilmington, the assignee of the mortgage, had begun foreclosure proceedings on their property in Natick.

### B.   Procedural Background

The Dyers filed their complaint in this Court on June 19, 2018, alleging ten counts against Capital One, Rushmore and Wilmington: breach of contract and of the covenant of good faith and fair dealing (Count I); violations of Mass. Gen. L. c. 244, §§ 35B and 35C (Count II); violation of Chapter 93A (Count III); declaratory judgment for an accounting (Count IV); slander of title (Count V); promissory estoppel (Count VI); violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 (Count VII); violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Count VIII); failure to credit payments in a timely and appropriate fashion in violation of 12 C.F.R. § 1026.36(c)(1)(i) (Count IX); and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Count X).

Plaintiffs initiated settlement discussions with Rushmore and Wilmington that led to a stipulation of dismissal entered on

December 7, 2018.  Capital One, the only remaining defendant,
moved for judgment on the pleadings (mis-described as a motion
to dismiss) pursuant to Fed. R. Civ. P. 12(c).

## IV.  <u>Motion for Judgment on the Pleadings</u>

### A.  Legal Standard

Although a Rule 12(c) motion for judgment on the pleadings
considers the factual allegations in both the complaint and the
answer, it is governed by the same standard as a Rule 12(b)(6)
motion to dismiss. <u>See Perez-Acevedo</u> v. <u>Rivero-Cubano</u>, 520 F.3d
26, 29 (1st Cir. 2008).  To survive such a motion, the subject
pleading must contain sufficient factual matter to state a claim
for relief that is actionable as a matter of law and "plausible
on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009)
(quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).

For a claim to be facially plausible, the pleadings must
show "more than a sheer possibility that a defendant has acted
unlawfully." <u>Id.</u>  A plaintiff cannot merely restate
the defendant's potential liability and the court is not
"bound to accept as true a legal conclusion couched as a factual
allegation." <u>Id.</u>

In considering the merits of such a motion, the Court must
accept all factual allegations in the complaint as true and draw

-4-

all reasonable inferences in the plaintiff's favor. <u>R.G. Fin.
Corp.</u> v. <u>Vergara-Nunez</u>, 446 F.3d 178, 182 (1st Cir. 2006).  The
Court may also consider other documents if 1) the parties do not
dispute their authenticity, 2) they are "central to the
plaintiffs' claim" or 3) they are "sufficiently referred to in
the complaint." <u>Curran</u> v. <u>Cousins</u>, 509 F.3d 36, 44 (1st Cir.
2007) (quoting <u>Watterson</u> v. <u>Page</u>, 987 F.2d 1, 3 (1st Cir.
1993)).

**B.   Application**

**1.    Breach of the Implied Covenant of Good Faith and
Fair Dealing**

Defendant moves to dismiss Count I on the ground that
plaintiffs have not alleged any specific rights that defendant
purportedly breached or that defendant acted in bad faith.

Every contract contains an implied covenant of good faith
and fair dealing which is preserved unless a party injures the
right of another to reap the benefits under the terms of the
contract. <u>Foregger</u> v. <u>Residential Credit Solutions, Inc.</u>, 2013
U.S. Dist. LEXIS 87546, at *16 (D. Mass. 2013).  The covenant
cannot be invoked to "create rights and duties not otherwise
provided for in the existing contractual relationship." <u>Uno
Rests., Inc.</u> v. <u>Boston Kenmore Realty Corp.</u>, 441 Mass. 376, 385

-5-

(2004).  There is a presumption that all parties act in good
faith and the plaintiff has the burden of proving lack of good
faith. T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 456 Mass. 562,
570, 574 (2010).  Lack of good faith "carries an implication of
a dishonest purpose, conscious doing of wrong, or breach of duty
through motive of self-interest or ill will." Young v. Wells
Fargo Bank, N.A., 717 F.3d 224, 238 (1st Cir. 2013) (quoting
Hartford Accident & Indem. Co. v. Millis Roofing & Sheet Metal,
Inc., 11 Mass. App. Ct. 998, 418 N.E.2d 645, 647 (Mass. App. Ct.
1981).  Although evidence of a party acting unreasonably under
the totality of the circumstances may indicate a lack of good
faith, the essential inquiry is

> whether the alleged conduct was motivated by a desire to
> gain an unfair advantage, or otherwise had the effect of
> injuring the other party's rights to the fruits of the
> contract.

Id.

The Dyers allege that Capital One, as their loan servicer,
gave them an opportunity to dispute the amount of the debt owed
but failed to respond to their efforts to do so.  Although
defendant's lack of communication is perplexing, plaintiffs have
not alleged that the bank was motivated by a dishonest purpose
or that plaintiffs were unable to enjoy the benefit of their
contractual bargain. See id. at 239 (affirming the dismissal of

-6-

plaintiff's implied covenant claim complaint because it "fail[ed] to plead that defendants' behavior was motivated by a desire to gain an unfair advantage or had the effect of injuring her ability to obtain the contract's fruits").  Furthermore, the Dyers do not describe the content of the alleged communications with Capital One in enough detail for the Court to infer a lack of good faith on the part of defendant for its failure to respond.  Accordingly, plaintiffs have not adequately stated a claim of breach of the implied covenant of good faith and fair dealing.

### 2.   Violation of Chapter 93A

Defendant asserts that plaintiffs' claim that it violated Chapter 93A should be dismissed because it is wholly conclusory.

To prevail on a claim alleging a violation of Chapter 93A, a plaintiff

> must prove that a person who is engaged in trade or
> business committed an unfair or deceptive trade practice
> and that the [plaintiff] suffered a loss of money or
> property as a result.

Morris v. BAC Home Loans Servicing, L.P., 775 F. Supp. 2d 255, 259 (D. Mass. 2011) (citation omitted).

The allegations in plaintiffs' complaint alone are insufficient to state a plausible claim under Chapter 93A

because they contend only that defendant failed adequately to
respond to their 93A demand letter, which is not actionable. See
Da Silva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 506 (D. Mass.
2012) ("[A] failure to respond to a demand letter does not in
and of itself constitute a valid claim under Chapter 93A.").
Although the Court may properly consider plaintiffs' 93A letter,
as well as the allegations set forth therein because it is
central to the plaintiffs' claim under Chapter 93A and was
sufficiently referred to in the complaint, see Cousins, 5509
F.3d at 44, the letter does not provide facts sufficient to
state a plausible claim that defendant engaged in unfair and
deceptive business practices.  In their 93A letter, the Dyers
contend that Capital One has not "correctly accounted for and
applied" mortgage payments or responded to plaintiffs'
inquiries.  Without allegations demonstrating unfairness or
deception, as opposed to clerical error or mere lack of care,
plaintiffs' claim for a violation of Chapter 93A cannot be
sustained. See Brown v. Bank of Am. Corp., 2011 U.S. Dist. LEXIS
36235, at *8-9 (D. Mass. 2011); Morris, 775 F. Supp. 2d at 263.

### 3.  Declaratory Judgment

Defendant contends that plaintiffs' request for a
declaratory judgment that they are entitled to an accounting of

their debt should be dismissed because they are not so entitled

as a matter of law and the claim is therefore improper under the

Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

The Dyers seek a declaratory judgment pursuant to Mass.

Gen. L. c. 231A and the DJA.  They cite Fed. R. Civ. P. 57 as

entitling them to an

> explanation, accounting, and validation of the debt . . .
> prior to foreclosing on their home.

To the extent that plaintiffs bring their claim under the DJA,

this Court is without jurisdiction.  A court may issue a

declaratory judgment pursuant to the DJA only where there is an

actual case or controversy within the meaning of Article III of

the U.S. Constitution. Ferreira v. Dubois, 963 F. Supp. 1244,

1261 (D. Mass. 1996).  A declaratory judgment is unattainable

where the judgment sought, if granted, would have no practical

effect on the parties. Id. at 1262.  Here, Capital One is no

longer the mortgagee and cannot foreclose on the Dyers'

residence.  Therefore, the declaratory judgment sought by

plaintiffs is inapt and the Court is without jurisdiction to

provide the requested relief under the DJA.

Plaintiffs' claim fares no better under state law because

the Dyers are not entitled to an accounting.  Under

Massachusetts law, an equitable accounting is available "only if

there exists a fiduciary or trust relationship between the parties." Chedd-Angier Production Co. v. Omni Publications International, Ltd., 756 F.2d 930, 937 (1st Cir. 1985).  The mere existence of a relationship between a mortgage servicer and borrower, without more, "does not give rise to a fiduciary duty to the latter." Rellstab v. Ditech Fin. LLC, 396 F. Supp. 3d 215, 218 (D. Mass. 2019) (quoting Shaw v. BAC Home Loans Servicing, LP, 2013 U.S. Dist. LEXIS 28863, 2013 WL 789195, at *4 (D. Mass. 2013)).  Accordingly, plaintiffs are not entitled to an accounting.

### 4.   Slander of Title

Capital One moves to dismiss Count V on the ground that the Dyers have not alleged the required elements of slander of title.  To properly assert such a claim, a plaintiff must show that "(1) the defendant made a false statement, (2) which was published with malice, and (3) caused injury to the plaintiff." Rice v. Santander Bank, N.A., 196 F. Supp. 3d 146, 156 (D. Mass. 2016) (citation omitted).  The loss sustained by the plaintiff must be pecuniary. Id. at 157.

Plaintiffs contend that an affidavit filed by defendant in the Middlesex South Registry of Deeds caused them to sustain damages, namely that they "risked losing their fee simple title

to the subject property."  The mere risk that one may lose an interest in real property without any actual loss of such property cannot be valued in terms of money and is therefore insufficient to show pecuniary damages. See Feighery v. York Hosp., 38 F. Supp. 2d 142, 148 (D. Me. 1999) ("Pecuniary damages are 'such as can be estimated in and compensated by money.'" (citation omitted)).  Because plaintiffs have not demonstrated they have suffered a pecuniary loss, they have failed to state a claim for slander of title.

### 5.    Promissory Estoppel

Capital One submits that the Dyers' promissory estoppel claim should be dismissed because they failed to allege that they relied to their detriment on the alleged promises made by defendant.

Under Massachusetts law, to state a claim for promissory estoppel "a plaintiff must allege that (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." Mackenzie v. Flagstar Bank, FSB,

738 F.3d 486, 496 (1st Cir. 2013).  To succeed on an estoppel

theory, a plaintiff must demonstrate that that he/she has been

> induced by the conduct of another to do something different
> from what otherwise would have been done and that harm has
> resulted.

Lumbermens Mut. Casualty Co. v. Offices Unlimited, 419 Mass.

462, 468 (1995).

Plaintiffs contend that defendant invited them to inquire

about and dispute the validity of their debt and that they

detrimentally relied on defendant's representations.  They have

not alleged, however, any facts that would allow an inference

that their decision to dispute the validity of their debt harmed

them in any way.  The only harm plausibly alleged in the

complaint is the fact that Wilmington commenced foreclosure

proceedings against them but the Dyers do not allege that

foreclosure would have been avoided if they had not been induced

to rely on the representations of the bank. See Mackenzie, 738

F.3d at 496 (upholding the dismissal of a promissory estoppel

claim where "there is no reason for [the Court] to believe the

[plaintiffs] would have successfully avoided foreclosure, or

been better off in any way, but for their reliance" on the

defendant's promise).  For that reason, plaintiffs have failed

adequately to plead the elements of a promissory estoppel claim.

###### 6.   RESPA Violations

Capital One contends that the Dyers have failed to demonstrate either actual or statutory damages resulting from defendant's alleged failure to respond to their inquiries.

To state a claim under RESPA pursuant to 12 U.S.C. § 2605, a plaintiff must show

> (1) that the servicer failed to comply with the statute's [qualified written request] rules; and (2) that the plaintiff incurred actual damages as a consequence of the servicer's failure.

Okoye v. Bank of New York Mellon, No. 10-cv-11563, 2011 U.S. Dist. LEXIS 82769, 2011 WL 3269686, at *17 (D. Mass. 2011) (brackets in original).  As an alternative to the second requirement, a plaintiff may plead statutory damages, which requires a "showing of a pattern or practice of noncompliance by the servicer." Afridi v. Residential Credit Sols., Inc., 189 F. Supp. 3d 193, 200 (D. Mass. 2016).

First, the Dyers have not alleged facts showing actual damages resulting from Capital One's alleged failure to respond to their requests for validation of their loan.  They assert that they sent requests to the bank on June 16, 2015, and September 5, 2017.  Furthermore, in their opposition to defendant's motion for judgment on the pleadings, the Dyers contend that they sent defendant 477 faxes between February 23,

2015, and June 3, 2017 as evidence that they suffered actual damages.  There is nothing in the complaint, however, to suggest that the costs associated with the faxes sent to defendant were incurred as a consequence of defendant's failure to respond. The Dyers had begun sending faxes to Capital One well before sending the QWR in June, 2015, and do not contend that any faxes were sent after they sent the second request.

Furthermore, plaintiffs have insufficiently pled a pattern or practice of noncompliance with RESPA because they have not alleged any facts regarding noncompliance outside the context of their own correspondence. See Toone v. Wells Fargo Bank, N.A., 716 F.3d 516, 523 (10th Cir. 2013) (affirming dismissal of RESPA claim because allegation of a pattern or practice based on the plaintiffs' own requests was conclusory); Copeland v. Lehman Bros. Bank, 2011 U.S. Dist. LEXIS 123, at *12-13 (S.D. Cal. 2011) (dismissing a RESPA claim because the plaintiffs did not identify any experience other than their own that demonstrate a pattern or practice of noncompliance).

### 7.  Violation of the Code of Federal Regulations

Under 12 C.F.R. § 1026.36(c)(1)(i), loan servicers are required to credit a consumer's periodic payment to the consumer's loan account as of the date of receipt. See Spaulding

v. Citifinancial Servicing, LLC, 2018 U.S. Dist. LEXIS 58760, at
*13-14 (D. Mass. 2018).

Capital One contends that the Dyers' claim under
§ 1026.36(c)(1) must fail for a lack of factual support.  In the
complaint, plaintiffs allege that defendant violated the subject
regulation when it failed, timely and appropriately, to credit
their loan payments.  Plaintiffs repeat that allegation in their
Chapter 93A letter but provide no factual support regarding the
amount or dates of the alleged payments.  Plaintiffs, instead,
rely on conclusory statements couched as factual allegations
that this Court is not obliged to accept as true when deciding a
motion to dismiss. See Iqbal, 556 U.S. at 678.  Accordingly,
plaintiffs have not stated a plausible claim under §
1026.36(c)(1).

### 8.  Remaining Claims

In the Dyers' opposition to the motion for judgment on the
pleadings (Docket No. 26), they stipulate to the dismissal of
their remaining claims, which include violations of Mass. Gen.
L. c. 244, §§ 35B and 35C (Count II); violations of the Fair
Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 (Count VII); and
violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692 (Count X). Consequently, plaintiffs' claims under those counts will be dismissed without discussion.

**ORDER**

For the foregoing reasons, the motion of defendant Capital One for judgment on the pleadings (Docket No. 24) is **ALLOWED.**


**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 22, 2020

-16-